SALVATORE MANNINO, RELATOR, v. FRANK B. MOFFETT, BUILDING INSPECTOR OF THE TOWN OF WESTFIELD, RESPONDENT.

Argued January 20, 1931—Decided February 5, 1931.

Before Justices PARKER, CAMPBELL and BODINE.

For the applicant, *Earl A. Merrill*.

For the respondent, *Paul Q. Oliver*.

PER CURIAM.

On August 21st, 1930, the applicant, so called relator, made application to the building inspector of Westfield for a permit for an addition and alteration to a garage then existing on his lands. This was denied because the zoning ordinance provided that no garage within any "A" residential district, such as the lands in question are located in, shall provide space for more than three motor vehicles and the garage already erected upon such lands was then occupied by three automobiles, two of which were commercial vehicles, and this in violation of the terms and uses permitted by such ordinance. Upon such refusal the land owner appealed to the board of adjustment before which he was represented by his son, who, speaking for him, stated that the extension for which the permit was asked was for the purpose of making additional room in the garage for another car.

On August 27th, 1930, the board of adjustment denied the application.

Subsequently, on September 4th, 1930, a new application was made to the building inspector for a permit to erect an extension to the garage.

The plan attached to such application was similar in all essentials to that attached to the first application.

This application was also denied.

Petitioner now, and we think evasively, asserts that the proposed extension is for the purpose of storing tools used by him in his occupation as a gardener. We are not satisfied that his representations are *bona fide*. This application for a writ of *mandamus*, or a rule to show cause, was made to a member of this court and denied.

It comes, now, to the court with no greater genuineness of purpose.

Paragraph 14 of the petition, so speaks, by the following language:

"Petitioner has not made any application for any specific use of said proposed structure. It is his present intention to use the same as a tool house, and he believes that such use

is a lawful use, but that question will be raised only when, and if, application for such use shall be made. It is not petitioner's intention to put the structure to any unlawful use. If it shall appear, hereafter, that a proposed use is unlawful, of course, such purpose will be abandoned."

One seeking the assistance of this court, through its prerogative writ of *mandamus,* must establish his right thereto and that by frankness and straightforward assertion of believable facts.

The application is denied, with costs.